NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD D. HARDEN, | No. 16-17204 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00377-APG-PAL |
| v. | |
| MONNINGHOFF, Dr.; AGULAR, S/O at NDOC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Nevada state prisoner Harold D. Harden appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a due process

violation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

district court's decision on cross-motions for summary judgment.  *Guatay*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Moninghoff (erroneously sued as Monninghoff) because Harden failed to raise a genuine dispute of material fact as to whether Moninghoff personally participated in the alleged rights deprivation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

The district court properly granted summary judgment for defendant Aguilera (erroneously sued as Agular) because it would not have been clear to every reasonable officer that carrying out a transfer order was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

We reject as without merit Harden's contention that the parties reached a settlement on which defendants later reneged.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-17204